Pregerson, J.,
dissenting:
I agree that the Government breached the plea agreement. But I do not agree that the Government’s breach is protected by plain error review because breach of the plea agreement affected Defendant Andre Franklin’s substantial rights.
Using the Government’s higher base offense level of 26 (which accounted for the related conduct underlying Franklin’s state conviction), Franklin successfully argued for a sentence reduction of 18 months based on time served in state prison. The majority supposes that Franklin would not have ended up with a more favorable sentence had the court used the lower base offense level of 24. But I am not so sure. Franklin likely would have made a comparable sentence reduction argument had the court used the lower base offense level of 24. See United States v. Sanchez-Rodriguez, 161 F.3d 556, 563-64 (9th Cir. 1998) (en banc) .(holding that a sentencing court is not categorically barred from departing downward based on time served in state *579 custody, or on the lost opportunity to serve more of one’s state term concurrently with one’s federal term). The Government’s breach of the plea agreement led the district court to use a higher offense level, which unfairly established a higher ¡starting point for the court’s sentencing calculations. Because I believe that the higher starting point ultimately impacted Franklin’s sentence, I would hold that the breach affected Franklin’s substantial rights.
Like the majority, I seriously doubt whether the goals of the criminal justice system were furthered by the prosecution and reincarceration of Franklin, who had already served significant time in prison, had obtained steady and successful employment, and had turned his life around.
I also write separately to point out another concerning aspect of this case — the appellate waiver. Prosecutors are powerful officials in our criminal justice system. They wield substantial control over the levers of justice through their charging and plea bargaining powers. They decide whether, when, and what criminal charges should be brought. Mix in the threat of unnecessarily harsh mandatory minimums, and it is no wonder that criminal defendants bargain away everything they have, including, as in this case, the right to appeal. With the deck stacked against a criminal defendant, an appellate waiver only serves to make an unjust result even more likely because the waiver undermines a reviewing court’s role in examining a sentence for fairness and consistency. See Robert K. Calhoun, Waiver of the Right to Appeal, 23 Hastings Const. L. Q. 127 (1995); Alexandra W. Reimelt, An Unjust Bargain: Plea Bargains and Waiver of the Right to Appeal, 51 B. C. L. Rev. 871 (2010); Kevin Bennardo, Post-Sentencing Appellate Waivers, 48 U. Mich. J.L. Reform 347 (2015).
For these reasons, I dissent.